Thank you and good morning. May it please the court, this is Karen Van Essen for petitioner Mr. Patrick Cau and also on a separate line is my colleague Mr. Alexander Burkhold. I would like to thank the court for permitting our participation in the pro bono program and with the court's permission I would like to ask I have four minutes to discuss the case and then allow Mr. Burkhold to have three minutes to discuss along with him reserving three minutes for rebuttal. Is this fine with the court? Yes that's fine please proceed. Thank you thank you. The IJ and the BIA denied Mr. Cau's adjustment of status on the finding that his crime of calling in multiple bomb threats to his former airline employer was quote dangerous. I would like to briefly note that the government uses in its briefing the term violent and explicit finding in this case that this crime was not violent. This is at AR 66. The only issue is whether it was dangerous. As to danger this case is about two things. First the agency relied on quote evacuate the word evacuate as used in the plea agreement. However there are no facts in the word evacuate meant in the specific context of this crime. So just for example there's no facts in the record based on the plea agreement separate from the hearing but based on the plea agreement which is solely relied on by the government and was solely relied on by the agency. So there's no fact that for example perhaps. Counsel do we have jurisdiction to review a that a particular offense is a dangerous crime that triggers the heightened scrutiny? So the court does not have jurisdiction to review the discretionary determination. However the court does have jurisdiction to review constitutional and legal error. In this case those both the constitutional issue of Fifth Amendment due process right is raised because the decision was based on a lack of facts no evidence in addition to which process issue in your appeal to the BIA. I'm sorry could you repeat the question? Did you raise the due process issue did you exhaust the due process issue in your appeal to the BIA? Did you tell the BIA in your appellate brief that the IJ had violated due process and how this issue was handled? So in order to exhaust the issue must be raised and the BIA addressed whether the heightened standard should apply on the merits. It is not required under the law to actually use the words due process. The BIA is still required. Counsel can I ask it a different way? So you were arguing under the due process clause that the BIA did not consider evidence for lack of a better way of that argument anywhere in your brief to the BIA because I couldn't find it but maybe you can point me to where it is. Sure I understand that the record on this point has some ambiguity to it but what I would say is at the IJ there was questions about challenging the heightened discretionary standard and when the case was brought there was the IJ's decision where it merits of that issue the BIA specifically addressed the merits of the issue and Mr. Cowell made it clear at the time to the BIA that it was challenging the heightened standard. So and it's clear from the record that this is entirely based on the plea agreement as being the basis on which the finding was made. Now before someone asks me another question if it's with the court I would like to turn it to Mr. Berkhold. Is that all right? Yes very well. Thank you. Thank you. As my colleague was explaining there are two flaws here. First the agency relied on the word evacuate as used in the plea agreement but as my colleague was beginning to explain there are no facts in the plea agreement. The information relied on the agency is contrary. There's no indication that evacuate meant anything other than passengers being commonly asked by the airline attendants to disembark from the plane. Instead the government and the agency seem to rely on what that word evacuate means with an underlying. Can I ask you one more question? I'm sorry to interrupt you but can I ask you one more question because I had to follow up on what I said before. What's the difference so the way I think of it is you're saying in your brief towards the end you talk about weighing the equities and you say basically you say it's a violation of due process because they considered or didn't consider certain facts. Well what's the difference between that and really asking us to say this is an error and the IJ and BIA abused their discretion by doing what you're saying by looking at facts that didn't exist or by weighing facts that didn't exist or not considering facts. That sounds like an abuse of discretion argument to me so explain to me the difference. Yes your honor this is not a question of whether the agency abused its discretion so although you know we could challenge how the agency may have weighed evidence the first issue is that the agency did not consider all of the relevant evidence that is included in the record including Mr. Cow's testimony. That instead the agency relied on inferences from a plea agreement instead of the real world facts underlying the crime and here due process and the ninth circuit require the agency to undertake a fact-intensive inquiry. So it's not a question of the agency's discretion but the violation of Mr. Cow's due process because evidence was not considered under the legal standard. Well counsel maybe I can jump in and just ask your view is that the facts underlying the conviction must themselves involve danger as opposed to the potential for danger because I guess I thought that's how the agency viewed it is that when passengers are evacuated in response to a bomb threat there's at least the potential for some kind of panic to ensue and for passengers or crew members to be injured and that that was enough. Maybe you can respond to that way of looking at the case. Yes the due process clause and ninth circuit precedent require the IJ the agency to do more than look at the potential. There are specific facts in the record that help answer whether this crime was dangerous. In particular Mr. Cow had knowledge of the airline's procedures and knew that there would be no in panic or emotional distress caused the passengers. Instead of looking at this relevant fact the agency threw an inference so it looked at the potential and this is getting close to creating a generic version of the fact that any bomb threat could be dangerous if you look at the potential but instead the due process clause requires the agency to look at the specific facts. Here the plea agreement as my colleague noted doesn't contain facts of what happened during this evacuation. Instead these probative facts are included elsewhere in the agency. If there aren't any other questions I'd love to reserve our remaining time for rebuttal but I will happily answer any follow-up. Okay it looks like we don't have any follow-up questions for you. We'll certainly give you a couple of minutes for rebuttal. Let's hear from counsel for the attorney general. Thank you your honor and may it please the court my name is Jeffrey Hall and I'm arguing on behalf of the respondent. The executive branch has determined in the petitioner in this case has committed a dangerous crime and therefore should not have his status adjusted. Petitioner cannot challenge this determination directly so he reframes it as a violation of his constitutional due process rights. He argues that the board and immigration judge denied him due process by not considering a handful of self-serving statements that he presented in oral testimony before the immigration judge but there's no basis for any argument that the only that it didn't find it sufficient to rule in his favor. The judge heard and summarized the evidence and there's only one issue for which it could have been considered and that is the issue of the adjustment of status determination. If petitioner is correct then every immigration judge in every case would have to indicate every piece of evidence that they consider for every issue even if they find it not relevant or probative to prevent this kind of challenge. Plaintiff's real challenge in this case is instead to how the evidence was weighed and it's really an attempt to erase his plea agreement and the natural consequences of that plea agreement. Because this court has no jurisdiction to review discretionary determinations regarding an adjustment of status and because an abuse of discretion claim recast as a due process claim is not a colorable due process argument, this court has no jurisdiction to review here. This court should accordingly dismiss this petition but even if the court proceeds to deny this petition because he does not present a meritorious due process claim. Counsel what do our cases say about the meaning of the word dangerous? Is it enough that the specific facts underlying the conviction raise the potential for danger or does there have to be some actual putting of folks in danger in order for the crime to qualify? We are the only thing that needs to happen is that the court needs to consider the circumstances of the crime and that's that's what needs to be considered. I don't know that courts have gone into extreme depth because it is in fact a discretionary determination and parsing carefully what exactly a court would mean when it finds those things would be something that this court can't do. But what has to happen is it considers the circumstances of the crime and that's exactly what happened here. Petitioner's counsel has indicated that perhaps the plea agreement is not the best record of it but it is. Petitioner agreed in his plea agreement not to contest the facts contained therein and the facts establish what occurred at the airport when these bomb threats were called in. Let's say that the plea agreement itself for some odd reason actually said yes the passengers were evacuated but everybody calmly and without any panic just you know stepped off the plane there was no no risk of injury you know they just laid out the the case that your opponent wants us to accept. In that scenario could the agency nonetheless come along and say well we looked at the underlying facts and we still think this constitutes a that would be a more difficult case but this is ultimately discretionary determination trying to really the only types of things that are constitutional or legal challenges that can happen here. I suppose that would actually be a legal challenge and not really the due process challenge that they've really presented. In their briefing they've only really presented the due process argument that the evidence just wasn't considered. They've only their brief the headings make clear that that's what they're raising here that the evidence just was not considered and that's a very different case than if there was evidence here on a specific issue like that and the court then said we we've considered it but we think it's not you know potentially relevant or important. That would be the weighing of the evidence and that is something really that the court can't get into. The legal standard is that it considers the circumstances of the crime and if the court it's a difficult hypothetical and I think it would be a closer call there but that's certainly not the facts we have here. The facts are and I think this is important that in the plea agreement it doesn't say anything like that but what it says instead was that not only the law enforcement responses included evacuating people from the targeted airplanes but also towing the aircraft to a safe area searching and rescreening all ticketed passengers and all baggaging cargo and searching the aircraft by human canine and other detection methods. The fact that the aircraft had to be towed to a safe area after it was evacuated means that it wasn't just pulled back to the back to the gate and carefully disembarked. I think that's clear and I think it's obviously an appropriate inference that the immigration judge and the BIA could draw from the facts in the plea agreement that that didn't happen that what happened was an evacuation and that put people in danger. Courts and including fact finders are allowed to make reasonable inferences that are based in reason and common sense and that does not offend the due process clause. Certainly petitioner hasn't presented any cases where something like that has happened and nevertheless a due process violation was found. I also wanted to note that petitioner hasn't noted any cases where anything like the facts in this case constituted a due process violation. The one case where the immigration judge took oral testimony of a petitioner before him and nevertheless was found to have violated due process was when that immigration judge specifically prevented the petitioner from providing that testimony. He said that he wasn't going to hear it, it wasn't relevant and he prevented it from giving context to his written statements. Obviously nothing like that happened here. There's no suggestion that the immigration judge was asleep or wasn't paying attention to the evidence. The immigration judge then summarized it in his opinion. The board specifically said that it reviewed the record, looked at the immigration judge's determinations, didn't rubber stamp them, but found on its own after review of the record that the court that the immigration judge had made appropriate decisions in each of the cases, what I suppose would have satisfied him is if the immigration judge and the BIA had said for each piece of evidence that he thought that it considered it but nevertheless did not find it relevant. But obviously the immigration judge put before in its opinion what evidence it found to be relevant and probative. I think their argument as I understand it really does focus on the word evacuate. What they say is that we can imagine two very different scenarios in which that evacuation played out. One in which it would be quite dangerous. There's panic, there's announcement, there's a bomb on the plane, get off and everybody storms off, people are trampled. Obviously in that scenario the offense would be dangerous. I think what they're saying is that we don't have any indication that that's how it played out. At least if you were to credit the petitioner's testimony, he thinks that there's reason to believe that it played out in exactly the opposite way. Given his knowledge of how these sorts of incidents are handled by the airline, it would have been all calm and people would have maybe not even been told that there's a bomb and that's why you're needing to evacuate. I guess I understand their argument to say that there needs to be something more than just speculation on the fact finder's part that the crime unfolded in a particular way when there's no actual concrete evidence that that's how it went down. Your honor, I would say that then what they're raising now on this argument not in their briefs is really a challenge to the factual conclusions of the immigration judge. Which again they haven't briefed at all or explained how they can do that in this type of discretionary determination. But regardless, I don't think it's a meritorious factual challenge even if they could bring that type of challenge on the factual conclusions. Again, the plea agreement itself says not only that the airplane was evacuated but then was towed to a safe location so that it could be searched. That rules out really this notion that it was just safely disembarked and that there was no panic. I think it's also, again, fact finders are allowed to make reasonable inferences. Inferences that are based in reason and common sense. That certainly does not violate the due process clause. And that's all that happened here. That the immigration judge said yes, if people are being evacuated from an airplane like your plea agreement says and like you're not allowed to contest under your plea agreement, then that could create a risk. It could certainly from their other duties on eight separate occasions to try to deal with this also creates danger. And it creates danger to the community when the law enforcement can't be responding to other things. So all those are reasonable inferences that an immigration judge could draw, an ordinary fact finder could draw. And there's no way to, it's not appropriate to challenge them. And there's certainly no case law that they cite that would allow them to challenge it. So petitioner's claim is really just that the court failed to consider the evidence, but there's no basis in the record for that. And if he were to prevail, then he would, every immigration judge would always have to cite or note what every piece of evidence and whether or not it was relevant to the specific claims in that case for every claim. And that's certainly not what the law requires. It would be an incredible burden. It's not how any court operates. It's not the standard here. And there's no basis in the record whatsoever for the conclusion that the immigration judge and the BIA did not consider the evidence. So for those reasons, there's no culpable claim here. This court does not have jurisdiction to review it, but in any case, this petition should be denied even if it did have jurisdiction. Okay. Very good. Thank you. Thanks very much. Let's put two minutes on the clock for rebuttal if we could. Thank you, your honors. Briefly, our contention is not that it's impermissible to consider the potential, but here there are intervening facts. Mr. Kao's testimony, which was deemed to be credible, not self-serving, indicates that the airline had procedures to handle this in a way that would not cause panic or emotional disturbance to the passengers. So while there might be potential, due process and Ninth Circuit precedent, including in matter of John, require that the agency consider this probative evidence. Furthermore, if we're in a situation where the agency can simply draw inferences from words in a plea agreement, like evacuation, it is then allowed to create a generic imagined version of the fact. It can't do that if there are credible facts in the record. Because of the determination that Mr. Kao committed a dangerous crime, this triggered the heightened standard, which although the agency acknowledged that it was a closed case, he was unable to meet the heightened standard. Therefore, Mr. Kao was prejudiced by the application of the heightened standard, and he would have met the lesser standard. Accordingly, we ask that the judgment of the BIA be vacated and the case remanded. Thank you. Thank you both, to both the Petitioner's Council for being willing to accept this case through our Courts Pro Bono program. We are very grateful for your willingness to do that, and we appreciate the help you provided the court in briefing and arguing this case. So thank you. The case just argued is submitted.
judges: Watford, Thapar, Collins